UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NORA JEAN RAUEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-CV-197 |
| | ) | |
| MICHELLE KATHERINE RAUEN | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER REMANDING CASE**

Defendant Michelle Rauen filed a notice of removal seeking to have a state court case against her heard in this Court. Along with her removal notice, she filed a request to proceed *in forma pauperis* to waive payment of the removal fee. (ECF Nos. 1, 2). Shortly thereafter, Plaintiff filed a Motion to Remand asserting that the removal notice was defective. (ECF No. 5). The Court will address these motions below.

Pursuant to 28 U.S.C.1915(a) the Court may authorize an individual to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. In her financial affidavit, Defendant states that: she is neither married nor employed; she receives monthly social security disability benefits; and she has no dependents. The affidavit does not indicate an amount Defendant receives in social security disability income. Without this information, the Court is unable to determine that because of her poverty payment of the filing fee would result in the inability of the Defendant to provide herself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

But this does not end the analysis. In reviewing a petition to proceed *in forma pauperis,* the Court analyzes the claims and dismisses the complaint if the action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C.1915(e)(2)(B)(i)-(iii); *Alston v. Debruyn,* 13 F.3d 1036, 1039 (7th Cir.1994). Here, however, the case is before the Court upon a removal notice so the Court must determine if this case is one that is removable to this court, and if so, if it has been properly removed.

Section 1446 of Title 28 governs the general procedure for removing civil cases from state to federal court. Under § 1446(b)(1), the Defendant was required to file a notice of removal within thirty days after receiving "through service or otherwise" a copy of the state court complaint. The Plaintiff filed her state court action in Steuben County Circuit Court on December 5, 2022. *See Rauen v. Rauen,* 76C01-2212-PL-000489. Defendant voluntarily appeared on December 27, 2022, and filed a counterclaim on January 30, 2023, both acts demonstrating that Defendant received a copy of the Complaint. However, Defendant waited until May 16, 2023, to file a notice of removal with this Court. This is far beyond the 30-day window envisioned by the statute, and because Defendant has failed to state any reason for her delay in filing, the Court may deny her petition to proceed *in forma pauperis* on this basis alone. Further, where there is a defect in the removal process, remanding to state court is appropriate. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

Accordingly, the Court DENIES Defendant's Motion to Proceed IFP (ECF No. 2) and REMANDS this case to the Steuben County Circuit Court. The Plaintiff's Motion to Remand (ECF No. 5) is DENIED as MOOT.

SO ORDERED on May 23, 2023.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT